Karl P. Schlecht, Bar #182294
Abel Ortiz, Bar #198668
Kimbal, Tirey & St. John, LLP
5510 Trabuco Road
Irvine, CA 92620
Telephone: (949) 476-5585
Facsimile: (949)502-5665

Attorneys for Defendants
Kimball, Tirey & St. John LLP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI GIAVASIS,<br><br>        Plaintiff,<br><br>vs.<br><br><br>KIMBALL, TIREY & ST. JOHN LLP,<br><br>        Defendant. | Case No. CV10-02693 R (Ex)<br><br>Hon. Manuel L. Real<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with:<br>    - Certificate of Interested Parties;<br>    - Declaration of Eli A. Gordon in Support Thereof;<br>    - Request for Judicial Notice in Support Thereof;<br>    - [Proposed] Order]<br><br>Date:     June 21, 2010<br>Time:     10:00 a.m.<br>Courtroom: 8<br><br>Complaint Filed: April 14, 2010 |

KIMBALL, TIREY
& ST. JOHN LLP
ATTORNEYS AT LAW
SAN DIEGO

-1-

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on the date and time set forth above or as soon thereafter as counsel may be heard in Courtroom 8 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, Defendant, KIMBALL, TIREY & ST. JOHN LLP (hereinafter "KTS") will, and do hereby, move the court to dismiss Plaintiff's complaint.

KTS brings this motion to dismiss Plaintiff's operative complaint on each of the following grounds:

1.    The complaint should be dismissed for failure to state a claim for which relief may be granted.

2.    In the alternative, Plaintiff should be required to provide a more definite statement of the complaint because it is so vague or ambiguous that KTS cannot reasonably prepare a response.

Notice of this motion has been given to Plaintiff.

The motion will be based on this notice of motion, on the Declaration of Eli A. Gordon and the memorandum of points and authorities served and filed herewith, on the request for judicial notice served and filed herewith, on the records and file herein, and on such evidence as may be presented at the hearing of the motion.

DATED: May 13, 2010                  KIMBALL, TIREY & ST. JOHN LLP


By: _____
Eli A. Gordon
Attorneys for Defendant,
KIMBALL, TIREY & ST. JOHN LLP

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On or about May 23, 2008, The Morgan Group, Inc. ("Morgan Group"), as landlord, entered into a lease ("Lease") with Plaintiff Nikki Giavasis ("Plaintiff"), as tenant, for the premises located at 6250 Canoga Avenue, #319, Woodland Hills, CA 91367 ("Premises") for a term of thirteen (13) months.  (Declaration of Eli A. Gordon ("Decl. of Gordon"), ¶2)

Morgan Group later filed an unlawful detainer eviction action ("Unlawful Detainer") against Plaintiff based upon non-payment of rent. (Decl. of Gordon, ¶3) Defendant KTS represented Morgan Group in the Unlawful Detainer. (Decl. of Gordon, ¶3) The Unlawful Detainer resulted in Plaintiff and Morgan Group entering into a stipulation for judgment whereby Plaintiff agreed to pay the sum of $6,822.33 to Morgan Group and to vacate the Premises. (Decl. of Gordon, ¶4) Plaintiff vacated the Premises but failed to pay the above amount to Morgan Group. (Decl. of Gordon, ¶5)

Thereafter, Morgan Group contracted with KTS' collection division to attempt to collect the debt. (Decl. of Gordon, ¶6) All information regarding the origin and validity of the debt were provided to KTS by Morgan Group and KTS relied on Morgan Group's representations in its pursuit of the debt. (Decl. of Gordon, ¶7)

Plaintiff filed the subject complaint on April 14, 2010 against KTS alleging causes of action for Violation of Federal Fair Debt Collection Practices Act; the Rosenthal Fair Debt Collection Practices Act and Invasion of Privacy. Plaintiff's complaint is almost completely devoid of any facts. Indeed, all the complaint really does is to inform KTS that it has somehow violated the law. The complaint provides almost no allegations regarding when, where and in what manner KTS

ALL, TIREY
. JOHN LLP
enbys At Law
Irvine

violated the law with respect to the debt in question. Indeed, KTS is left to guess the exact basis of the lawsuit.

Accordingly, the complaint should be dismissed for failure to state a claim for which relief may be granted. In the alternative, Plaintiff should be required to provide a more definite statement of the complaint because it is so vague or ambiguous that KTS cannot reasonably prepare a response.

## II.

## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

### A. Plaintiff has Failed to State Sufficient Facts Alleged Under a Cognizable Legal Theory

A Federal Rule of Civil Procedure ("FRCP") 12(b)(6) "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984

In determining a Rule 12(b)(6) motion, a court accepts as true only the well pleaded facts, not conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865,868 (9th Cir. 1993) (conclusory allegations of law and/or unwarranted inferenced insufficient to defeat a motion to dismiss.)

Plaintiff's complaint is devoid of any specific facts to support her claims other than conclusory allegations that KTS somehow violated fair debt collection practices law. (See Complaint p. 3, line 4-p. 5, line 20) For instance, Plaintiff alleges fourteen (14) different "violations" of collection laws but provides almost no guidance for the manner in which said violations occurred. Indeed, ten (10) of the alleged violations (Nos. 1, 3, 4, 5, 8, 9, 11, 12, 13, 14) contain no factual

-2-

ALL, TIREY
. JOHN LLP
NEYS AT LAW
IRVINE

allegations in support of the cited legal theory whatsoever other than conclusory accusations.  (See Complaint p. 3, line 4-p. 5, line 20)

For the remainder of the "violations" alleged by Plaintiff the facts which *were* alleged are insufficient to defeat a 12(b)(6) motion to dismiss.  Indeed, Plaintiff only provides vague and conclusory facts to support her remaining claims. For instance, there is no allegation of where, when and how the debt arose or how and when it was paid in full; there are no allegations regarding when and how KTS attempted to contact Plaintiff about the debt or how KTS' actions were otherwise unlawful. Accordingly, Plaintiff's scant factual allegations clearly fall under the rubric of "conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact" and KTS is unable to prepare an answer to sufficiently address Plaintiff's claims. Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.), 11 F.3d 865,868 (9th Cir. 1993).

## III.

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS THAT WOULD SATISFY EVEN THE MOST LIBERAL PLEADING STANDARD UNDER *BELL ATLANTIC*

Although Plaintiff's failure to set forth specific facts under a cognizable legal theory eliminates the need to look further into her pleadings, it should also be noted that the allegations in the complaint fall far short of the minimum pleading standard recently articulated in Bell Atlantic. Bell Atlantic held that to comply with FRCP 8(a), a complaint must contain enough factual matter, taken as true, to suggest that the elements of the claim are met. Bell Atlantic Corp. v. Twombly, (2007) 127 S.Ct. 1955, 1965.  "When the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should … be

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id at 1966 [citation omitted]. To proceed with a claim, the complaint must contain enough facts to state a claim for relief that is plausible on its face. Id at 1964-65. The formulaic recitation of the elements of a claim is insufficient and a plaintiff's "entitlement to relief requires more than labels and conclusions." Id at 1964-65. Indeed, a plaintiff must allege sufficient facts to raise the claim above the speculative level. Id.

Plaintiff's complaint does not meet the Bell Atlantic standard. The complaint alleges virtually no facts beyond the summary conclusion that Plaintiff somehow violated one or more collection practices laws. KTS is left to guess how, when and where said violations occurred given the minimal, conclusory and vague allegations contained in the complaint. Therefore, KTS respectfully asks this Court to follow the rule in Bell Atlantic and dismiss this meritless action.

IV.

## IN THE ALTERNATIVE, THIS COMPLAINT IS SO VAGUE AND AMBIGUOUS AS TO WARRANT AN ORDER THAT THE PLAINTIFF PROVIDE A MORE DEFINITE STATEMENT

As demonstrated above, the complaint in this matter is so vague and ambiguous an answer cannot be properly formulated. Under FRCP 12(e) this court may require, as an alternative to outright dismissal, that the Plaintiff provide a more definite statement when the complaint is so vague and/or unintelligible as to make it impossible to ascertain the nature of the claim being asserted. Famolare, Inc. v. Edison Bros. Stores, Inc., (ED CA 1981) 525 F. Supp. 940, 949; Bureerong v. Uvawas, (CD CA 1996) 922 F. Supp. 1450, 1461.

As discussed above, Plaintiff only provides vague and conclusory facts to support her claims. For instance, there is no allegation of where, when an how the debt arose or how and when it was paid in full; there are no allegations regarding

-4-

1  when and how KTS attempted to contact Plaintiff about the debt or how KTS'

2  actions were otherwise unlawful.

3       Accordingly, if this Court finds that this complaint should not be dismissed,

4  the Court should order that Plaintiff provide a more definite statement.

5

6                                      V.

7                                 **CONCLUSION**

8       Given the foregoing, it is requested that this Court dismiss the Plaintiff's

9  action.  If the Court does not decide to dismiss this action then, in the alternative,

10  KTS requests the Court to order Plaintiff to provide a more definite statement.

11

12                                      *Respectfully submitted,*

13

14  DATED:  May 13, 2010              KIMBALL, TIREY & ST. JOHN, LLP

15

16

17

                                     By:_____

18                                       Eli A. Gordon
                                         Attorneys for Defendant Kimball, Tirey
19                                       & St. John LLP

20

21

22

23

24

25

26

27

28

**MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**